UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RACHEL YOULD,<br><br>Plaintiff,<br><br>v.<br><br>LINDA S. BARNARD, et al.,<br><br>Defendants. | Case No. 5:18-cv-01255-EJD<br><br>**ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION; DISMISSING CASE**<br><br>Re: Dkt. No. 16 |

## I. INTRODUCTION

Plaintiff Rachel Yould has filed a sprawling, 400-page Second Amended Complaint ("SAC") against Defendants Linda S. Barnard, Ph.D., LMFT; Barnard & Associates; Valerie E. Harris; and VH Publishing LLC (aka Valerie Harris Publishing LLC) asserting twenty causes of action under California state law. The magistrate judge to which this case was originally assigned granted Plaintiff's application to proceed in forma pauperis ("IFP") but dismissed the first two versions of the complaint upon review pursuant to 28 U.S.C. § 1915(e) for, inter alia, failure to comply with the "short and plain" pleading requirements of Federal Rule of Civil Procedure 8. Dkt. Nos. 7, 11.

Now before the undersigned, the court has undertaken an independent § 1915(e) review of the SAC in conjunction with the record and has determined that (1) Plaintiff did not adequately establish a basis for subject matter jurisdiction despite the magistrate judge's prior notification of the problem, and (2) Plaintiff again failed to observe Rule 8's most basic pleading requirement. Because three attempts at submitting a compliant complaint is sufficient, the court will not adopt

Case No.: 5:18-cv-01255-EJD
ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION; DISMISSING CASE

1

the magistrate judge's recommendation but will instead dismiss this action without prejudice for the reasons explained below.

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson v. Shinseki, 562 U.S. 428, 434 (2011); accord Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.").

Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. 28 U.S.C. §§ 1331, 1332. For subject matter jurisdiction to arise on the basis of diversity under § 1332, "there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004). The amount in controversy must also exceed $75,000. Naffe v. Frey, 789 F.3d 1030, 1039 (9th Cir. 2015).

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" in order to confirm that all parties are diverse. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); accord DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006) (Because "federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction when it is challenged has the burden of establishing it.").

### B. 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2), federal courts are authorized to pre-screen claims filed by IFP plaintiffs prior to service and may dismiss a case at any time the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to

state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief.

Dismissals under this section are not dismissals on the merits. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

### C. Short and Plain Statement

Federal Rule of Civil Procedure 8(a) requires a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The failure to comply with Rule 8's "short and plain statement" requirement is a basis for dismissal in addition to Federal Rule of Civil Procedure 12(b)(6), and is not dependent on whether the complaint is wholly without merit. McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). Id.

"[V]erbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008). But a complaint that is "so verbose, confused and redundant that its true substance, if any, is well disguised" is subject to dismissal for violating Rule 8(a). Id. (citing Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)). Indeed, "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." Id. at 1180.

### III. DISCUSSION

As noted, the SAC must be dismissed for two alternative reasons, first as a matter of jurisdiction and second as a matter of pleading. These reasons are discussed in turn.

### A. The SAC Does Not Establish Complete Diversity

The SAC names four defendants. Two are individuals: Barnard and Harris. Two are

Case No.: 5:18-cv-01255-EJD
ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION; DISMISSING CASE

3

business entities: Barnard & Associates and VH Publishing LLC.

Despite this collection of defendants, only two are discussed in the SAC's jurisdictional allegations. Plaintiff alleges: "This Court has diversity jurisdiction of this matter because the Plaintiff currently resides in a different state of the United States than both of the Defendants, and each of them." SAC, at ¶ 15. Plaintiff continues:

> A. At all relevant times herein, and currently, Defendant Barnard has resided and worked in Sacramento, California.
>
> B. At all relevant times herein, and currently, Defendant Harris has resided and worked in Mountain View, California.
>
> C. Plaintiff resides, and is homebound, at a location in one of the 49 states of the United States other than the State of California. This location cannot be disclosed in writing or otherwise except pursuant to her professionally developed and administered safety plan and under the protection of appropriate orders of the Court.

Id.

As the magistrate judge recognized and explained in his report and recommendation,[1] these allegations are plainly incomplete and do not satisfy Plaintiff's burden to affirmatively allege the actual citizenship of all relevant parties. For individual defendants Barnard and Harris, Plaintiff alleges only their states of residence. Similarly, she alleges only her state of non-residence. "But the diversity jurisdiction statute . . . speaks of citizenship, not residency." Kanter, 265 F.3d at 857. Residency is not the equivalent of citizenship, because "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. Instead, "the natural person's state citizenship is . . . determined by her state of domicile, not her state of residence." Id.

The residency allegations for Plaintiff, Barnard and Harris are inadequate, because they each speak of residence or non-residence rather than domicile. As a result, the court is unable to

---

[1] It appears the magistrate judge construed the SAC to contain an implicit request for leave to add two defendants. This court, however, does not join such a construction. Since the business entities are actually named as defendants rather than noted as possible defendants, the SAC will be examined under the assumption those parties have been added.

Case No.: 5:18-cv-01255-EJD
ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION; DISMISSING CASE

4

confirm that Plaintiff, on the one hand, and the individual defendants, on the other, are truly diverse in terms of citizenship.

Furthermore, conspicuously missing from the SAC are any allegations addressing the citizenships of Barnard & Associates and VH Publishing LLC. The missing allegations for Barnard & Associates are particularly problematic since, in general, the rules of citizenship for for business entities are specific to the type of venture at issue. For example, "[a] corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business,'" (Davis v. HSBC Bank Nev., N.A., 557 F.3d 1026, 1028 (9th Cir. 2008)), whereas "an LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Since the SAC does not reveal either directly or indirectly whether Barnard & Associates is a corporation, a limited liability company, or some other form of business entity, it is impossible to conduct a jurisdictional analysis. And though Plaintiff provided some information regarding Barnard & Associates in response to the magistrate judge's report and recommendation, none of that information speaks on this issue of its form.

In sum, the court finds based on the record before it that it lacks subject matter jurisdiction over this action. Therefore, it must be dismissed. See Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

**B.  The SAC Violates Rule 8(a)**

The magistrate judge twice instructed Plaintiff on the importance of complying with Rule 8(a). In the first § 1915 screening order (Dkt. No. 7), the magistrate judge noted the original 240-page complaint contained "35 pages of 'General Allegations' which constitute a detailed narrative of [Plaintiff's] life, and many facts that are irrelevant to this case," a "37-page 'Chronology of Key Facts and Counts of Complaint," and "three pages of legal argument as to why the complaint is

Case No.: 5:18-cv-01255-EJD
ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION; DISMISSING CASE

5

timely filed." He further noted that the "complaint is riddled with legal argument in the middle of repetitive factual allegations, many of which are irrelevant to [Plaintiff's] case against Barnard and Harris," and labeled these sorts of allegations as "red herrings" that must be removed from the complaint.

In the second § 1915 screening order (Dkt. No. 11) dismissing the first amended complaint, the magistrate judge found Plaintiff did not cure "the most significant defect in her complaint: its inadequacy under Federal Rule of Civil Procedure 8." In fact, the magistrate judge found Plaintiff disregarded the court's prior instruction to streamline her allegations by lengthening the complaint by almost 90 pages, and still included in her pleading "hundreds of pages of repetitive and non-linear narration of the past ten years paired with many bare legal assertions of her claims."

The SAC, like its predecessors, is anathema to the spirit of Rule 8(a). Though length is not itself dispositive, the court observes it is the longest of Plaintiff's three pleadings, at 400 pages and 1064 separately-numbered paragraphs. See Hearns, 530 F.3d at 1130 (observing a dismissal was justified for failure to comply with Rule 8 when, after being ordered to be clear and concise, the plaintiffs filed an amended complaint that was longer than the first complaint).

Additionally, the SAC suffers from the same defects identified by the magistrate judge. It contains extensive sections of legal argument which make it nearly impossible for a defendant or the court to sort out alleged facts from opinion or commentary. These statements are unnecessary to state a claim and serve only to confuse. See Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008) ("A complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss.").

The SAC is prolix, verbose and confusing. The level of detail and the amount of marginally-relevant background information swallows the relevant factual allegations, and the rambling style defeats the limited purpose of a complaint under a notice pleading regime. Also, prior allegations are repeatedly incorporated by reference, compounding the complexity and

Case No.: 5:18-cv-01255-EJD
ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION; DISMISSING CASE

6

confusion. To be sure, a complaint should not be this complicated. See Nevjiel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981); see also Krieger v. Fadely, 211 F.3d 134, 136 (D.C. Cir. 2000) (holding that under Rule 8(a), "[f]actual detail is unnecessary"). With allegations all over the place, some important and some not so important, the SAC is the exact type of unusable pleading referenced by the Ninth Circuit in McHenry: one requiring the judge and opposing counsel to "prepare outlines to determine who is being sued for what." 84 F.3d at 1179.

Furthermore, and perhaps most importantly, the SAC does not clearly and concisely establish which factual allegations apply to each of the causes of action. The pleading is organized between 100 "counts" and twenty causes of action. Though the "counts" contain references to causes of action, there is no way to discern which of the several alleged facts under any count apply to a particular element of any cause of action. No reasonable defendant can be expected to intelligently respond under these circumstances. How does a defendant determine whether to answer or file a motion to dismiss for failure to state a claim, when some sort of map or other guide is needed to match the allegations to the elements of a claim?

And to make matters worse, Plaintiff provides no justification for the flagrant Rule 8(a) violations in her response to the report and recommendation. This court simply will not countenance it, even if the magistrate judge found some claims redeemable under Rule 12(b)(6). Id. at 1179.

Thus, the court finds - independent of the problems with subject matter jurisdiction discussed above - that the SAC's true substance is so "well disguised" by verbosity, confusion and redundancy that it must be dismissed for failure to comply with the "short and plain" pleading standard required by Rule 8(a). See Hearns, 530 F.3d at 1131.

**C. Leave to Amend**

The court must now decide whether Plaintiff should be permitted yet another opportunity to amend the complaint. Leave is generally granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Morongo Band of Mission Indians v.

Case No.: 5:18-cv-01255-EJD
ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION; DISMISSING CASE

7

Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). Leave to amend may also be denied for "failure to cure deficiencies by amendments previously allowed." Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

Here, Plaintiff failed to cure the deficiencies identified by the magistrate judge. To that end, she has not demonstrated the ability to follow the court's instructions regarding Rule 8(a)'s "short and plain" statement requirement. And nothing about her more recent pleadings suggests Plaintiff has an intention to comply should she be permitted further leave to amend. Remarkably, her complaints have increased in length, and her objection to the magistrate judge's six-page report and recommendation is 119 pages long.

Plaintiff also was given an opportunity to resolve the jurisdictional defect. She provided a response, albeit one that did not resolve the problem. The court does not believe that another chance to allege jurisdiction would be at all productive.

Thus, the court finds that permitting leave to amend would be futile at this point. The SAC will be dismissed without further leave to amend.

## IV. ORDER

Based on the foregoing, this court DECLINES to adopt magistrate judge's report and recommendation. Instead, the SAC is DISMISSED WITHOUT PREJUDICE but WITHOUT LEAVE TO AMEND pursuant to 28 U.S.C. § 1915(e)(2).

All other matters are TERMINATED and VACATED and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: August 29, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-01255-EJD
ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION; DISMISSING CASE

8