United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RACHEL YOULD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LINDA S. BARNARD, et al.,<br><br>　　　　Defendants. | Case No. 5:18-cv-01255-EJD<br><br>**ORDER DENYING PLAINTIFF'S POST-DISMISSAL MOTION**<br><br>Re: Dkt. No. 28 |

Presently before the court is a document entitled "Plaintiff's Motion to Alter or Amend the Judgment and/or for Relief from Judgment, and for Third Amended Complaint to be Deemed Filed." Dkt. No. 28. Because this action was dismissed prior to service on any defendant, the court finds it appropriate to address the motion without awaiting for opposition and without oral argument. Civ. L.R. 7-1(b). The hearing is therefore VACATED.

Having reviewed Plaintiff's arguments in light of the record, the court finds, concludes and orders as follows:

1.　　Plaintiff's motion arises under Federal Rules of Civil Procedure 59(e) and 60(b). Though no judgment was entered in this action, Rule 59(e) nonetheless applies. See Hamid v. Price Waterhouse, 51 F.3d 1411, 1415 (9th Cir. 1995) ("[O]ur precedents require that we treat a motion to vacate an order of dismissal as a Rule 59(e) motion.").

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is

justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).

Importantly, a Rule 59(e) motion has certain limitations. Though it permits the district court to alter or amend a judgment, it "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008). Moreover, relief under Rule 59(e) is "extraordinary" and "should be used sparingly." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999); Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).

2. Rule 60(b) "'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief.'" Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) ). "Rule 60(b) is 'remedial in nature and . . . must be liberally applied.'" TCI Grp. Life Ins. v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) ). But like Rule 59(e), Rule 60(b) relief is extraordinary and will not apply to a showing which does not justify its application. See Stevens v. ITT Sys., Inc., 868 F.2d 1040, 1041 n. 1 (9th Cir. 1989).

3. Plaintiff has not met her burden to establish a basis for reconsideration under Rule 59(e) or Rule 60(b). Her arguments focus solely on alleged errors by the court, but the court is not convinced that any such error occurred. See Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008) (holding the purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings"); see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999) (holding Rule 60(b)(1) "may include mistake and inadvertence by the judge").

4. The court did not deny Plaintiff an opportunity to be heard; to the contrary, Plaintiff

Case No.: 5:18-cv-01255-EJD
ORDER DENYING PLAINTIFF'S POST-DISMISSAL MOTION
2

was given significant process and consideration between the proceedings before the magistrate judge and the undersigned. Plaintiff overlooks she was permitted leave to file three complaints, and three reviews pursuant to 28 U.S.C. § 1915 were undertaken. For the final review, the court considered both the magistrate judge's report and recommendation and the entirety of Plaintiff's lengthy objection. There was no reason for the court to explicitly address a request for stay of dismissal or for leave to file yet another amended complaint, because (1) Plaintiff did not establish federal subject matter jurisdiction after being notified of the defect, under which the circumstances this court cannot proceed further, and (2) the court found no basis for leave to amend.

5. Nor does Plaintiff's argument concerning her defective jurisdictional allegations require reconsideration. For reasons explained in the dismissal order, Plaintiff's apparent belief that she "needed only to allege the citizenship of Barnard and Associates and VH Publishing, LLC" in the same manner as individual defendants is legally incorrect. In any event, this action would have been dismissed for an alternative, non-jurisdictional reason even if Plaintiff had established subject matter jurisdiction. The court described how Plaintiff repeatedly failed to conform her pleadings to the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a), eschewing the magistrate judge's instructions. And any explanation based on the inability or work product of her prior counsel is of no moment to this analysis. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 397 (1993) (hold that parties are "held responsible for the acts and omissions of their chosen counsel"); see also Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn, 139 F.3d 664, 666 (9th Cir.1997) (holding that "attorney error is insufficient grounds for relief under . . . Rule 60(b)(1)").

6. Plaintiff's argument "she would be disadvantaged by a dismissal without prejudice due to the running of the statute of limitations on several causes of action since case commencement" does not identify judicial error and is disingenuous in any event. Plaintiff cites no authority to support the statement that the district court must consider prejudice to the Plaintiff when primarily dismissing an action for lack of subject matter jurisdiction; she instead cites to cases where subject matter jurisdiction was not at issue and have no applicability here. Moreover,

Case No.: 5:18-cv-01255-EJD
ORDER DENYING PLAINTIFF'S POST-DISMISSAL MOTION

3

the extensive legal discussion of tolling that Plaintiff included in each of her complaints demonstrates that Plaintiff believes she has a substantial reason to avoid the statute of limitations. She is still free to make those arguments should she choose to re-assert any claims in state or federal court.

In sum, the court finds no basis for extraordinary relief under Rule 59(e) or Rule 60(b). Plaintiff's motion is therefore DENIED.

**IT IS SO ORDERED.**

Dated: September 10, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-01255-EJD
ORDER DENYING PLAINTIFF'S POST-DISMISSAL MOTION
4