United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RACHEL YOULD,<br><br>    Plaintiff,<br><br>v.<br><br>LINDA S. BARNARD, et al.,<br><br>    Defendants. | Case No. 5:18-cv-01255-EJD<br><br>**ORDER DENYING SECOND EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR "AN ORDER TO SHOW CAUSE REGARDING A PRELIMINARY INJUNCTION PENDING APPEAL"**<br><br>Re: Dkt. Nos. 37, 38 |

Presently before the court is a document entitled "Plaintiffs' Ex Parte Motion for a Temporary Restraining Order; For an Order to Show Cause Regarding a Preliminary Injunction Pending Appeal; and Supplementary Memorandum of Points and Authorities in Support Thereof." Dkt. No. 38 (the "TRO/PI Motion").

Plaintiff's motion for leave to file an oversized brief (Dkt. No. 37) is GRANTED. As to the TRO/PI motion, the court finds, concludes and orders as follows:

    1.    Federal Rule of Civil Procedure 62(c) states: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). "The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." Feldman v. Arizona Sec'y of State's Office, 843 F.3d 366, 367 (9th Cir. 2016). Thus, much like a preliminary injunction, an injunction pending appeal is "an

extraordinary remedy that may only be awarded upon a *clear showing* that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (emphasis added).

2. "To obtain a preliminary injunction, the moving party 'must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.'" Idaho v. Coeur D'Alene Tribe, 794 F.3d 1039, 1046 (9th Cir. 2015) (quoting Pom Wonderful LLC v. Hubbard, 775 F.3d 1118, 1124 (9th Cir. 2014)).

Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). This articulation represents "one alternative on a continuum" under the "'sliding scale' approach to preliminary injunctions employed" by the Ninth Circuit. Id. at 1131-32. But "[t]he critical element in determining the test to be applied is the relative hardship to the parties." Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978). "If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly." Id.

Whether to grant or deny a TRO or preliminary injunction is a matter within the court's discretion. See Miss Universe, Inc. v. Flesher, 605 F.2d 1130, 1132-33 (9th Cir. 1979).

3. Plaintiff has not demonstrated she is likely to succeed on the merits of the pending appeal and has not raised any "serious questions" in that regard. Despite the length of her argument, she still has not (1) convincingly demonstrated why the Second Amended Complaint established subject matter jurisdiction after Plaintiff added two business entities without corresponding citizenship allegations, or (2) explained why she failed to address the issue of jurisdiction in her extensive objections even after the magistrate judge raised it as a potential problem in the Report and Recommendation. That the magistrate judge may have found

Case No.: 5:18-cv-01255-EJD
ORDER DENYING SECOND EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR "AN ORDER TO SHOW CAUSE REGARDING A PRELIMINARY INJUNCTION PENDING APPEAL"

2

jurisdiction sufficiently alleged pursuant to a prior version of the complaint is of no moment; the court must ensure that subject matter jurisdiction exists at all stages of the case, including after the plaintiff adds parties which could destroy diversity. See Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); see also Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal."). Nor does the court retain cases piecemeal by dismissing some parties and retaining others. For a case to qualify for diversity jurisdiction, the plaintiff must establish the complete diversity of citizenship between all the parties opposed in interest, not just some of them. See Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004).

4. Furthermore, Plaintiff does not explain why she is likely to succeed on the alternative, non-jurisdictional reason this action was dismissed. As the court previously explained on more than one occasion, Plaintiff repeatedly failed to conform her pleadings to the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a), eschewing the magistrate judge's extensive instructions on that topic.

5. Plaintiff has not demonstrated she is likely to suffer irreparable harm in the absence of an injunction pending appeal. The crux of the presentation on this topic is Plaintiff's opinion, based on some conduct alleged to have occurred in the past, that Defendants *might* reveal her personal information or *might* destroy evidence. Such a showing is not enough. See Winter, 555 U.S. at 22 (holding the party moving for an injunction must "demonstrate that irreparable injury is *likely* in the absence of an injunction" because anything less is "inconsistent" with the "characterization of injunctive relief as an extraordinary remedy"). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). "A plaintiff must do more than

Case No.: 5:18-cv-01255-EJD
ORDER DENYING SECOND EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR "AN ORDER TO SHOW CAUSE REGARDING A PRELIMINARY INJUNCTION PENDING APPEAL"
3

merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." Id. "Subjective apprehensions and unsupported predictions . . . are not sufficient to satisfy a plaintiff's burden of demonstrating an immediate threat of irreparable harm." Id. at 675-76.

6. The balance of equities does not tip in Plaintiff's favor. The court cannot ignore the fact that plaintiff seeks a wide-ranging injunction prohibiting Defendants from undertaking several forms of conduct. As opposed to Plaintiff's description in her motion, the relief she requests is not "narrowly tailored" and does not constitute a simple attempt to preserve a status quo. Also, the legal barriers Plaintiff must overcome before this action is deemed viable tip the balance sharply against Plaintiff.

7. The final Winter factor on its own cannot outweigh the collective weight of the other three, even if the public interest weighs in Plaintiff's favor.

In sum, Plaintiff is not entitled to an injunction pending appeal under either the Winter factors or the Ninth Circuit's "serious questions" test. Her motion for such relief (Dkt. No. 38) is DENIED.

**IT IS SO ORDERED.**

Dated: November 13, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-01255-EJD
ORDER DENYING SECOND EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR "AN ORDER TO SHOW CAUSE REGARDING A PRELIMINARY INJUNCTION PENDING APPEAL"

4